**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MEI KISHIKI, <br><br><br>        Plaintiff, <br>  v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, <br> TRANSUNION, LLC, and NATIONAL CREDIT <br> SYSTEMS, INC <br><br>        Defendants, | **Civil Action Number: 4:24-cv-947** <br><br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff MEI KISHIKI ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), Defendant TRANSUNION, LLC ("Transunion"), and NATIONAL CREDIT SYSTEMS, INC. ("NCS"), collectively referred to as "Defendants", and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION & VENUE**

2.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3) being that one or more of the Defendants primarily resides in this district, and all of the Defendants transact business here.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

**PARTIES AND SERVICE**

**Plaintiff Mei Kishiki**

5.      Plaintiff is a resident of Collin County, Texas.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant Equifax Information Services, LLC**

7.      Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      At all times material hereto, Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

9.      At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Transunion, LLC**

10.     Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C §
1681a(f) and conducts substantial and regular business activities in this judicial district.
Transunion may be served with process upon CORPORATION SERVICE COMPANY, its
registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     At all times material hereto, Transunion is a consumer reporting agency who regularly
engages in the business of assembling, evaluating and disbursing information concerning
consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C.
§ 1681d, to third parties.

12.     At all times material hereto, Transunion disbursed such consumer reports to third parties
under a contract for monetary compensation.

**Defendant National Credit Systems, Inc.**

13.     Defendant NCS is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial
and regular business activities in this judicial district. NCS may be served with process upon CT
CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite
900, Dallas, Texas 75201.

14.     At all times material hereto, Defendant NCS is a person who routinely furnishes
information concerning Consumers and their debts to Consumer Reporting Agencies for the
purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

**Background**

15.     Prior to June 2024, Plaintiff moved out of her old apartment leased by Preserves at Old
Dowlen.

16.    On March 2, 2024, Plaintiff received a "Moveout Statement" from Preserves at Old Dowlen via e-mail stating that she owed $149.62 for final fees associated with her move.

17.    On March 13, 2024, Plaintiff mailed a check to Preserves at Old Dowlen for $149.62.

18.    On April 15, 2024, the check that the Plaintiff mailed to Preserves at Old Dowlen cleared her bank account for $149.62.

19.    In June 2024, Plaintiff became aware that her credit score had changed.

20.    In June 2024, Plaintiff obtained copies of her consumer reports from Experian, Defendants Equifax, and Transunion (the "CRAs") where she discovered a collection account being furnished to the CRAs by Defendant NCS for an alleged amount of $149.00 past due to Preserves at Old Dowlen APT (the "Account').

21.    While reviewing her consumer reports, Plaintiff noticed that on April 4, 2024, Defendant NCS began furnishing the Account to Experian, Defendants Equifax and Transunion (the "CRAs"), and the CRAs began publishing the Account on Plaintiff's consumer reports.

22.    On June 18, 2024, Plaintiff sent a dispute letter to Experian, Defendants Equifax and Transunion attaching supporting documents, such as her moveout statement, proof of payment, a copy of her driver's license and a copy of the check she sent to Old Dowlen for the amount owed.

23.    In July 2024, Plaintiff attempted to obtain a mortgage loan, she was able to get approved but at a higher interest rate due to the false or erroneous Account furnished and published as a collection with an outstanding balance.

24.    Despite Plaintiff making a timely payment to Preserves at Old Dowlen, Defendant NCS falsely and erroneously furnished to the CRAs that the Account was in collections with an outstanding balance of $149.00 and the CRAs published the collection status to the Plaintiff's consumer reports.

**Defendant National Credit Systems., Inc.'s violation of 1681s-2(b)**

25.     In June 2024, the Plaintiff obtained a copy of her Experian, Equifax, and Transunion consumer reports and discovered that Defendant PNC had falsely or erroneously furnished the Account as a collection with a false remaining balance beginning April 2024.

26.     The false and erroneous reporting by Defendant PNC severely affected Plaintiff's creditworthiness and reputation.

**First Dispute**

27.     In June 2024, Plaintiff disputed the Account with Experian, Defendants Equifax and Transunion, detailing the inaccuracy of the Account and attaching supporting documents that include proof of the payoff of the Account and her identifying documents.

28.     Experian, Defendants Equifax and Transunion forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant PNC.

29.     Despite PNC receiving the dispute, ACDVs, and accompanying documents, Defendant PNC conducted a superficial investigation and reported back to Defendants Equifax and Transunion that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

30.     However, despite receiving the same dispute, ACDV, and accompanying documents that were sent to Defendant PNC by Defendant Equifax and Transunion, Defendant PNC reported back to Experian that the information should be removed from Plaintiff's consumer report published by Experian.

31.     Defendant PNC did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs from Defendants Equifax and Transunion.

32.     Defendant PNC negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes sent to Defendant's Equifax and Transunion.

33.     Defendant PNC did not correct or delete the inaccurate and erroneous information relating to the Account but continued to report false and erroneous information to the Consumer Reporting Agencies.

34.     As a result of the inaccurate information relating to the Account remaining on Plaintiff's consumer reports, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant PNC's erroneous and inaccurate reporting for up to 7 years.

35.     Due to Defendant PNC's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

36.     For these reasons, Defendant PNC willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**<u>Defendant Equifax's violation of 1681i</u>**

37.     Defendant Equifax published the Account with a false and erroneous outstanding balance and collection status.

38.     The consumer report falsely indicated that the Account was in collection with a balance, which severely affected Plaintiff's creditworthiness and reputation.

39.     In June 2024, Plaintiff disputed the Account with Defendant Equifax, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account and her identifying documents.

40.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant PNC or review the supplied documentation provided by Plaintiff.

41.     Instead, Defendant Equifax relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

42.     It is averred that Defendant Equifax did nothing more than parrot Defendant PNC.

43.     On July 17, 2024, Defendant Equifax sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous balance and collection status.

44.     To this date Defendant Equifax continues to publish false and erroneous information relating to the Account on Plaintiff's Equifax consumer reports.

45.     Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Account.

46.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

47.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

48.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b)**

49.     Defendant Equifax did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a

consumer report relating to the Plaintiff which contained erroneous information pertaining the Account's balance and collection status.

50.     Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

51.     Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to his consumer report and Account.

52.     Defendant Equifax's failure to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

53.     Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

54.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of 1681i**

55.     Defendant Transunion published the Account with a false and erroneous outstanding balance and collection status.

56.     The consumer report falsely indicated that the Account was in collection with a balance, which severely affected Plaintiff's creditworthiness and reputation.

57.     In June 2024, Plaintiff disputed the Account with Defendant Transunion, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account and her identifying documents.

58.     Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact Defendant PNC or review the supplied documentation provided by Plaintiff.

59.     Instead, Defendant Transunion relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

60.     It is averred that Defendant Transunion did nothing more than parrot Defendant PNC.

61.     On July 17, 2024, Defendant Transunion sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous balance and collection status.

62.     To this date Defendant Transunion continues to publish false and erroneous information relating to the Account on Plaintiff's Transunion consumer reports.

63.     Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account.

64.     The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

65.     Due to Defendant Transunion's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

66.     Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 1681e(b)**

67.     Defendant Transunion did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account's balance and collection status.

68.     Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

69.     Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to her consumer report and Account.

70.     Defendant Transunion's failure to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

71.     Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

72.      Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Negligent Violation of the Fair Credit Reporting Act as to Defendant PNC
### 15 U.S.C. § 1681s-2(b)

73.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74.      This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

75.      Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

76.      Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77.      The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

78.      Defendant PNC negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Equifax, and Transunion; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

79.      Specifically, Defendant PNC furnished that the Account was in collections with an outstanding balance even though PNC had negligently failed to verify that the amount was owed to Preserves at Old Dowlen.

80.     Defendant PNC does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for the purpose of furnishing that information to Consumer Reporting Agencies.

81.     As a result of the conduct, action, and inaction of Defendant PNC, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82.     The conduct, action, and inaction of Defendant PNC was negligent, rendering PNC liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

83.     Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

### SECOND CAUSE OF ACTION
**Willful Violation of the Fair Credit Reporting Act as to Defendant PNC**
**15 U.S.C. § 1681s-2(b)**

84.     Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85.     This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

86.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

87.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88.     The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

89.     Defendant PNC willfully violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Equifax, and Transunion; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

90.     Specifically, Defendant PNC furnished that the Account was a collection account with an outstanding balance even though PNC had willfully failed to verify that the amount was owed to Preserves at Old Dowlen.

91.     Defendant PNC does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for the purpose of furnishing that information to Consumer Reporting Agencies.

92.     As a result of the conduct, action, and inaction of Defendant PNC, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

93.     The conduct, action, and inaction of Defendant PNC was willful, rendering PNC liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

94.     Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

95.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

97.     Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

98.     Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

99.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

100.   The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

101.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

102.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).


### FOURTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

103.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

104.   This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

105.   Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

106.    Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

107.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

108.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

109.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

110.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

111.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

112.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

113.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

114.    Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

115.   As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

116.   The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

117.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

118.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

119.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

120.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

121.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

122.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

123.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

124.    The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

125.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

126.  **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SEVENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion**

127.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

129.    Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

130.    Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

131.   As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

132.   The conduct, action and inaction of Transunion was negligent, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

133.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

134.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### EIGHT CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion**

135.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

136.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

137.    Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

138.    Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

139.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

140.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

141.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

142.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### NINETH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion**

143.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

144.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

145.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

146.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

147.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

148.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

149.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

150.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### <u>TENTH CAUSE OF ACTION</u>

**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion**

151.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

152.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

153.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

154.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

155.   As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

156.   The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

157.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

158.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## DEMAND FOR TRIAL BY JURY

159.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 24, 2024                    Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

/s/ *Stephen Jones*
**Stephen Jones**
Bar No.: 24094760
**Shawn Jaffer**
Bar No.: 24107817
5301 Alpha Rd., Suite 80-5
Dallas, TX 75240
T: (214) 945-0000
F: (888) 530-3910
E-mail: stephen@jaffer.law
*Attorneys for Plaintiff*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, **Mei Kishiki** , declare the following:

1. I have personal knowledge of the matters alleged in the foregoing Original Petition;
2. The allegations contained herein are true and correct; and
3. I am a victim of false reporting.

I verify under penalty of perjury that the foregoing is true and correct.

Executed this **24** day of **October**, 2024.

*Mei Kishiki*
Mei Kishiki (Oct 24, 2024 11:52 CDT)

STATE OF Texas )
COUNT OF Dallas )

On this day, MEI KISHIKI, appeared before me, the undersigned notary public. After I administered an oath to Plaintiff, upon their oath, Plaintiff said that they read the foregoing Original Petition and that the facts stated in it are within Plaintiff's personal knowledge and are true and correct.

*Mei Kishiki*
Mei Kishiki (Oct 24, 2024 11:52 CDT)
Mei Kishiki

SWORN TO and SUBSCRIBED before me by MEI KISHIKI on

October 24 , 2024

Notary Public
Notary Public in and for the State of Texas
My Commission Expires 5|17| 2025

STEPHANIE BINKLEY
NOTARY PUBLIC
STATE OF TEXAS
ID. 133032863
EXP. 05-17-2025

Page 28 of 28